JIANGUO YANG, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–70192.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed June 30, 2009.

Danning Jiang, Law Offices of Danning Jiang, San Jose, CA, for Petitioner.

Ari Nazarov, OIL, Glen T. Jaeger, DOJ, U.S. Department of Justice, Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Jiangou Yang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006). We deny the petition for review.

■ Substantial evidence supports the agency's determination that police arrested Yang for disturbing the peace, and that

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

he further failed to establish a well-founded fear of future persecution on account of his inclusion in a particular social group, his political opinion, or any other protected ground. *See Dinu v. Ashcroft,* 372 F.3d 1041, 1044–45 (9th Cir.2004) (petitioner failed to establish authorities imputed a political opinion to him rather than detaining him for a legitimate prosecutorial purpose). Accordingly, his asylum claim fails.

Because Yang failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1045.

■ Substantial evidence also supports the agency's denial of Yang's CAT claim because he failed to establish it is more likely than not that he will be tortured if he returns to China. *See Singh v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**